UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| DAISCIA N. REDMAN, | : Case No. 3:25-cv-00351 |
| Plaintiff, | : District Judge Thomas M. Rose |
| vs. | : Magistrate Judge Caroline H. Gentry |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, *et al.*, | : |
| Defendants. | : |

## ORDER

On October 17, 2025, Plaintiff submitted a Complaint in this prisoner civil rights case. (Doc. 1). Plaintiff did not pay the filing fee or file a motion for leave to proceed *in forma pauperis*. On November 7, 2025, in response to a Notice of Deficiency issued by the Clerk of Court, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 3). However, the motion is incomplete. On November 12, 2025, Plaintiff submitted a complete Application and Affidavit to Proceed without Prepayment of Fees form and a motion requesting an extension of time to submit a certified copy of her account statement. (Doc. 5).

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h), a prisoner seeking to bring a civil action without prepayment of fees or security must submit an application and affidavit to proceed without prepayment of fees *and* a certified copy of their trust fund account statement (or institutional equivalent) for

the six-month period immediately prior to the filing of the Complaint obtained from the cashier of the prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2). To date, Plaintiff has not submitted a certified copy of her trust fund account statement (or institutional equivalent) as required by the PLRA. In her motion seeking an extension of time, Plaintiff indicates that she has requested an account statement but has not been provided one. As noted a below, a copy of this Order will be sent to the cashier of the prison at which Plaintiff is confined.

Plaintiff's motion for an extension of time (Doc. 3) is **GRANTED** to the extent that Plaintiff is **ORDERED** either to pay $405 ($350 filing fee plus $55 administrative fee), or to submit a certified copy of Plaintiff's prison trust fund account statement (or institutional equivalent) for the prior six-month period, **within thirty (30) days**.

Plaintiff is **FURTHER ORDERED** to inform the Court promptly of any changes in Plaintiff's address which may occur during the pendency of this lawsuit.

If Plaintiff fails to comply with this Order, the Court shall dismiss this case for want of prosecution. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). If Plaintiff's case is dismissed for failure to comply with this Order, the case will not be reinstated to the Court's active docket despite the payment of the filing fee.  *Id*.

Any motions for extension of time must be filed within thirty (30) days of the date of this Deficiency Order. All motions for extension of time must be accompanied by a notarized statement or declaration complying with 28 U.S.C. § 1746 setting forth the date Plaintiff placed the motion in the prison mail system and stating that first class postage

was prepaid. If Plaintiff does not receive the Deficiency Order within thirty (30) days, Plaintiff's motion for extension of time must also be accompanied by a notarized statement or declaration complying with 28 U.S.C. § 1746 setting forth the date Plaintiff received this Deficiency Order.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the cashier of the prison at which Plaintiff is confined.

**IT IS SO ORDERED.**

Date: 11/13/2025              */s/ Caroline H. Gentry*
                              Caroline H. Gentry
                              United States Magistrate Judge