UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAISCIA N. REDMAN, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cv-351 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, *et al.*, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER ADOPTING ORDER AND REPORT AND RECOMMENDATION (DOC. NO. 14), AND DISMISSING PARTICULAR CLAIMS; DENYING MOTION FOR SETTLEMENT CONFERENCE (DOC. NO. 8); DENYING MOTION FOR COURT INTERVENTION (DOC. NO. 16); PROVIDING NOTICE REGARDING PLAINTIFF'S MOTION FOR ORDER OF TEMPORARY RESTRAINING ORDER/EMERGENCY PRELIMINARY INJUNCTION (DOC. NO. 4); AND, DENYING MOTION FOR EMERGENCY COURT INTERVENTION (DOC. NO. 23)**

---

Currently before the Court is an Order and Report and Recommendation (the "R&R") (Doc. No. 14), in which Magistrate Judge Caroline H. Gentry conducts her initial screen of *pro se* Plaintiff Daiscia N. Redman's ("Redman") allegations against Defendants Ohio Department of Rehabilitation and Corrections ("ODRC"), Tamara McLoyd ("McLoyd"), Chris Cise ("Investigator Cise"), Katie Nixon ("DWO Nixon"), Wesley Gaddis ("Inspector Gaddis"), Lieutenant Adleta, and Lieutenant Shonks (collectively, the "Defendants").  By her R&R, Magistrate Judge Gentry recommends that the Court dismiss Redman's claims against ODRC and McLoyd, as Redman has failed to state a claim against either defendant.  (*See* Doc. No. 14 at PageID 72-73.)  The R&R further recommends that Redman's pending procedural due process claim be dismissed entirely, for the same reason.  (*Id.* at PageID 73-74.)  Ultimately, the Court has

1

determined to **ADOPT** the R&R and partially **DISMISS** Redman's Complaint (Doc. No. 1) accordingly.

Additionally, the Court utilizes this Order to review several pending motions that have been filed by Redman.  Based on the analyses set forth herein, the Court shall: **DENY** Redman's Motion for Settlement Conference (Doc. No. 8); **DENY** Redman's Motion for Court Intervention (Doc. No. 16); **DENY** Redman's Motion for Emergency Court Intervention (Doc. No. 23); and, provide **NOTICE** of the Court's procedures with respect to Redman's Motion for Order of Temporary Restraining Order/Emergency Preliminary Injunction (the "TRO Motion") (Doc. No. 4).

I.     BACKGROUND

Redman, a prisoner at the Dayton Correctional Institution ("Dayton Correctional") proceeding *in forma pauperis* (*see* Doc. No. 12), brings this action alleging violations of her constitutional rights by the Defendants.  (Doc. No. 1 at PageID 4-12.)  According to her, while incarcerated at Dayton Correctional, Redman has been subjected to harrowing physical and sexual abuse at the hands of McLoyd.  (*Id.*)  Furthermore, Redman states that she has reported instances of this abuse to the remaining institutional Defendants, but those Defendants have purportedly failed to protect her, in violation of the Eighth Amendment of the United States Constitution.  (*Id.*)  Instead, says she, Redman was retaliated against for reporting McLoyd's attacks on her, in violation of the First Amendment of the United States Constitution.[1]  (*Id.*)

Redman filed her Complaint in this matter on October 17, 2025.  She submitted a motion for leave to proceed *in forma pauperis* on November 7, 2025 (Doc. No. 3), and the Court granted

---

[1] The Court notes that, in 2023, Redman levied eerily similar constitutional allegations against Jefferson County Jail and other related institutional defendants.  *See* OHSD Case No. 2:23-cv-168-JLG-CHG.

Redman that status on January 7, 2026, after Redman eventually provided an actionable financial certificate.  (Doc. No. 12.)

Throughout the pendency of this case, Redman has filed several motions; namely, for the purposes of this order, a TRO Motion (Doc. No. 4), a Motion for Settlement Conference (Doc. No. 8), a Motion for Court Intervention (Doc. No. 16), and a Motion for Emergency Court Intervention (Doc. No. 23).  Defendants have responded to Redman's TRO Motion (*See* Doc. No. 19), but for reasons discussed below, no informal Rule 65 conference has been held.  No responsive pleading has been filed regarding Redman's Motion for Settlement Conference, and, with the time to do so having lapsed, the Court considers said motion ripe for review and decision.  The same is true for Redman's Motion for Court Intervention.

## II. ANALYSIS

As stated above, the Court utilizes this Order to resolve or otherwise address five filings on the Court's docket in the present action: Magistrate Judge Gentry's R&R; Redman's Motion for Settlement Conference; Redman's Motion for Court Intervention; and, Redman's TRO Motion and Motion for Emergency Court Intervention.  Below, the Court discusses each of these filings in turn.

### a. The R&R

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case.  Noting that no objections to Magistrate Judge Gentry's R&R have been filed and that the time for filing such objections under Fed. R. Civ. P. 72(b) has expired, the Court **ADOPTS** the R&R in full and **DISMISSES** Redman's claims against ODRC and McLoyd, as well as her procedural due process claim posed against all Defendants.

### b. Motion for Settlement Conference

As the title of her motion suggests, Redman's Motion for Settlement Conference seeks an order of the Court compelling Defendants to engage in a settlement conference to resolve this matter. (Doc. No. 8 at PageID 45.) Such a motion to compel settlement discussions generally falls within a district court's broad discretion related to case management. *Washington v. Riverview Hotel, Inc.*, No. 21-5510, 2022 WL 1572286, at *5 (6th Cir. Mar. 10, 2022) (citing *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 252 (6th Cir. 2000)). Here, as was the case in *Washington*, no local rule or Federal Rule of Civil Procedure requires the Court to compel parties to a settlement conference. Moreover, the infancy of this case provides the Court with little-to-no assurance that the Parties are prepared to discuss settlement to begin with. Perhaps more importantly, Defendants have indicated no willingness to entertain settlement discussions with Redman and any settlement conference would likely prove a fruitless endeavor. Therefore, Redman's Motion for Settlement Conference is **DENIED**.

### c. Motion for Court Intervention

By her Motion for Court Intervention, Redman seeks to have the Court remedy Defendants' failure to properly deliver her legal mail to her. (Doc. No. 16 at PageID 79.) In support, Redman alleges that she did not receive mail addressed to her from this Court on November 25, 2025, until January 5, 2026. (*Id.*) A simple glance at the docket reveals that the Court did not mail Redman anything pertaining to this action on November 25, 2025. As best the Court can determine, Redman is possibly referring to a certificate from the Clerk of Court indicating that Redman's Motion for Settlement Conference was filed on November 25, 2025. (*See* Doc. No. 8.) Assuming Redman's truthfulness, that Redman might have received delayed notice of her own motion's filing can hardly be said to prejudice her. Indeed, the Court sees no instance where Redman

complains that she did not receive any other docket filings in this matter. To that end, Redman's Motion for Court Intervention smacks more of frivolity than anything else. Thus, the Court **DENIES** the Motion for Court Intervention.

### d. Notice – Temporary Restraining Orders

Lastly the Court takes an opportunity to provide **NOTICE** to Redman regarding the Court's temporary restraining order procedures. The Court's local rules state:

> In most cases, the Court will not hear or rule on any motion for a temporary restraining order or a preliminary injunction until after the Court holds an informal preliminary conference with all parties to determine what additional proceedings are necessary. The movant shall obtain, from the office of the Judge to whom the action is assigned, a date and time for the informal conference and shall immediately notify counsel for the adverse party, if known, or if not known, the adverse party, that the application has been filed or is to be filed and the date, time, and location of the conference.

S.D. Ohio Civ. R. 65.1(a).

Here, pursuant to the rule, the Court will not issue a decision on Redman's TRO Motion until she contacts the undersigned's chambers to schedule an informal preliminary conference. Redman may accomplish this by calling the undersigned's chambers, which the remaining Defendants shall accommodate should Redman ask to do so during normal business hours. In addition, the Court expects that Redman will make a good faith attempt to confer with the remaining Defendants or their counsel before contacting the Court. Though, to be clear, Defendants are under no obligation to suggest to Redman that she call the undersigned's chambers. Rather, she must adhere to the rules of the road here, as must anyone, and take the initiative of her own volition. *See Hayes v. Shelby Cnty. Tr.*, 971 F. Supp. 2d 717, 725 (W.D. Tenn. 2013) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 2013)) ("*Pro se* litigants … are not exempt from the requirements of the Federal Rules of Civil Procedure"). In all, the Court will not rule on Redman's

5

TRO Motion until she has made a reasonable attempt at contacting the Court to schedule an informal preliminary conference.

As an aside, the Court acknowledges Redman's recently-filed Motion for Emergency Court Intervention (Doc. No. 23). But that motion merely seeks the same relief as Redman's TRO Motion. Therefore, the Court **DENIES** Redman's Motion for Emergency Court Intervention, as it is a duplicative filing.

### III. CONCLUSION

In accordance with the foregoing the Court hereby **ORDERS** that:

1. The Order and Report and Recommendation (Doc. No. 14) is **ADOPTED** in full. Redman's claims against ODRC and McLoyd, as well as her procedural due process claim against all Defendants, are **DISMISSED**. The Court **CERTIFIES** that any appeal of the Court's adoption of the R&R would not be taken in good faith and should not be permitted to proceed *in forma pauperis*;

2. Redman's Motion for Settlement Conference (Doc. No. 8) is **DENIED**;

3. Redman's Motion for Court Intervention (Doc. No. 16) is **DENIED**; and,

4. The Parties are provided **NOTICE** of the Court's procedures regarding motions for temporary restraining orders. Further, Redman's Motion for Emergency Court Intervention is **DENIED**, as it is duplicative of her TRO Motion.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, February 3, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

6