**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| DAISCIA N. REDMAN, | : | Case No. 3:25-cv-00351 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| OHIO DEPARTMENT OF | : | |
| REHABILITATION AND | : | |
| CORRECTIONS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER AND**
**REPORT AND RECOMMENDATION**

Currently pending before the Court is Plaintiff Daiscia Redman's second *pro se* "Motion to Supplement Complaint."[1] (Doc. No. 20; *see also* Doc. No. 7.) For the following reasons, the undersigned Magistrate Judge **GRANTS** the Motion. The undersigned also **RECOMMENDS** that the Court **DISMISS** the free speech claim raised in the new pleading.

## I.    BACKGROUND

Plaintiff Redman submitted her original Complaint on or around October 14, 2025. (*See* Doc. No. 1 at PageID 13-14.) She asked to supplement it in November 2025 (Doc. No. 7), which the Court allowed. (Doc. No. 14 at PageID 65, 71 [discussing her

---

[1] Plaintiff's Motion for a Temporary Restraining Order/Emergency Preliminary Injunction (Doc. No. 4) is also pending but is not the subject of this Order and Report and Recommendation.

"Supplemental Complaint," Doc. No. 7].) The Court screened her complaints and allowed two of her claims to proceed. (Doc. No. 14 at PageID 71-72 [concluding "that Plaintiff may proceed with her claims in the Complaint and Supplemental Complaint against Defendants Case, Nixon, Gaddis, Shonks, Adleta, Allen, and Gilbert, based on allegations that these Defendants failed to protect her from harm and/or retaliated against her."].) The Court dismissed the remaining claims. (Doc. No. 24 at PageID 166 [adopting the Report and Recommendation and dismissing "Redman's claims against ODRC and [Inmate] McLoyd, as well as her procedural due process claim posed against all Defendants."].)

Plaintiff was directed to provide completed summonses and the United States Marshal Service (USMS) forms necessary to serve the remaining seven defendants with process.[2] (*See* Doc. No. 14 at PageID 74.) Plaintiff has since provided the USMS forms (*see* Doc. No. 22) but has not yet provided completed summons forms. The forms were due on February 23, 2026. (Doc. No. 14 at PageID 74.) This issue will be addressed in a separate order.

In January 2026, Plaintiff filed the instant Motion to Supplement Complaint. (Doc. No. 20.) Upon review, it appears that the Motion is a combined motion to supplement the complaint(s) (with events allegedly occurring after the previous complaints), and a motion to amend the complaint(s) (with an incident that allegedly occurred before the

---

[2] The Court previously ordered the Clerk of Court to serve Defendants with copies of Plaintiff's complaints and her motion for injunctive relief. (*See* Doc. Nos. 13, 15, 17, 18, 21, 22.) This did not constitute service of process because no summonses were served. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint.").

2

complaints were filed). *See* Fed. R. Civ. P. 15 (discussing amended and supplemental pleadings).

Specifically, Plaintiff seeks to supplement her original Complaint (Doc. No. 1) and Supplemental Complaint (Doc. No. 7) to allege an additional incident of stalking and sexual assault by Inmate McLoyd that allegedly occurred on November 26, 2025. (Doc. No. 20 at PageID 145-147.) She also seeks to add a claim concerning her right to free speech, based upon events that allegedly occurred around May 10, 2025, before Plaintiff filed the original Complaint. (*Id*. at PageID 147-148.)

## II. LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure governs supplemental and amended pleadings. It provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). With respect to amendment, the Rule provides that "[a] party may amend its pleading once as a matter of course" within certain timeframes. Fed. R. Civ. P. 15(a)(1). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Amended and supplemental complaints must be screened under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915A(a); *Lopp v. Washington*, No. 1:22-cv-1135, 2025 WL 491416, at *1 (W.D. Mich. Jan. 23, 2025), *report and recommendation adopted*, 2025 WL 490055 (W.D. Mich. Feb. 13, 2025) ("Although Plaintiff was not required to obtain leave to amend his complaint, the amendment portion of his supplemental pleading is still subject [to] review pursuant to 28 U.S.C. § 1915A(b) and

3

42 U.S.C. § 1997e(c) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief."). The undersigned here applies and incorporates by reference the screening standards discussed in the previous Order and Report and Recommendation. (*See* Doc. No. 14 at PageID 66-68.)

## III.     DISCUSSION

### A.     The Motion to Supplement is GRANTED.

The undersigned concludes that Plaintiff's request to <u>supplement</u> her complaints with allegations of an additional incident similar to the claims that are already proceeding is well-taken and should be granted. Fed. R. Civ. P. 15(d). Supplementation at this time will not unfairly prejudice any defendant or cause significant delay, nor does the request appear to reflect bad faith, dilatory motives, or obvious futility. This is not, however, an opinion on the merits of the claim.

Similarly, the undersigned concludes that Plaintiff's request to <u>amend</u> her complaint to add a new claim is well-taken because Plaintiff has a right to amend *once* as a matter of right and has not previously done so, and because the Rule permits amendment during this timeframe. Fed. R. Civ. P. 15(a)(1). The undersigned therefore **GRANTS** the Motion to Supplement Complaint. (Doc. No. 26.)

### B.     The Free Speech Claim Should Be DISMISSED.

In the motion, Plaintiff alleges that DWO Nixon violated her rights under the Free Speech Clause of the First Amendment to the United States Constitution. (Doc. No. 20 at PageID 147.) Plaintiff asserts that Defendant Nixon ordered her to stop communicating

with Inmate McLoyd, who is the inmate that Plaintiff accuses of harassing and assaulting

her. (*Id.*; *see generally* Complaint, Doc. No. 1; Motion for TRO, Doc. No. 4.) Plaintiff

alleges that she was disciplined after "supposedly 'speaking'" with Inmate McLoyd.

(Doc. No. 20 at PageID 147.) Plaintiff argues that she "cannot be sanctioned for

speaking" (emphasis in original) and asserts that Nixon's order to "Cease to

Communicate" with McLoyd (and/or the punishment for violating the order) infringed on

Plaintiff's First Amendment free speech rights. (*Id.* at PageID 147.)

This claim is frivolous. *See Goss v. Myers*, 208 F.3d 213 (6th Cir. 2000) (table)

(affirming the dismissal of a free speech claim as frivolous where the plaintiff claimed,

among other things, a right to use the mail to communicate with another inmate[3]);

---

3 The right to receive mail discussed in *Goss* also arises from the First Amendment's Free Speech Clause. *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) (citing *Pell v. Procunier,* 417 U.S. 817, 822 (1974)). In *Goss*, the Sixth Circuit approved the dismissal of this claim:

> A prisoner's right to send and receive mail is subject to prison policies and regulations that are "reasonably related to legitimate penological interests," such as order, security, or rehabilitation. *Turner v. Safley,* 482 U.S. 78, 89 (1987); *accord Sheets v. Moore,* 97 F.3d 164, 166 (6th Cir.1996). Courts generally accord great deference to prison officials' adoption and execution of policies, regulations, and practices relating to the preservation of internal order, discipline, and security within the prison environment. *See Thornburgh v. Abbott,* 490 U.S. 401, 407-08 (1989); *Turner,* 482 U.S. at 85; *Bazzetta v. McGinnis,* 124 F.3d 774, 779 (6th Cir.1997), *as supplemented,* 133 F.3d 382 (6th Cir.), *cert. denied,* 118 S.Ct. 2371 (1998).
>
> Upon review, we conclude that the district court properly dismissed Goss's complaint. *See McGore,* 114 F.3d at 604. It is reasonable for TDOC officials to restrict certain specified types of mail received by inmates in order to preserve order, discipline, security, and rehabilitation within the prison environment. *See Thornburgh,* 490 U.S. at 407-09; *Turner,* 482 U.S. at 89; *Sheets,* 97 F.3d at 166. The disposition of Goss's grievances indicates that TDOC officials considered the correspondence sent from Goss to Freeman to be threatening to the safety and security of TDOC correctional institutions … The defendants reasonably responded to the threat to prison security by rejecting Goss's correspondence to Freeman and their decision is entitled to deference. *See Thornburgh,* 490 U.S. at 407-08; *Bazzetta,* 124 F.3d at 779.

*Goss v. Myers*, 208 F.3d 213, 2000 WL 125905 at *1-2. Given Plaintiff's other allegations against Inmate

5

*Thaddeus-X v. Blatter*, 175 F.3d 378, 392 (6th Cir. 1999) (noting that prisoners' "free speech rights are uncontrovertedly limited by virtue of their incarceration"). The undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's free speech claim as frivolous. 28 U.S.C. §§ 1915 & 1915A.

## IV. DIRECTIONS TO THE CLERK OF COURT

To maintain a clear record, the Clerk is **DIRECTED** to combine the original Complaint (Doc. No. 1) and the two supplements to it (Doc. Nos. 7, 20) and to file all three documents together on the docket as the "First Consolidated Complaint." The First Consolidated Complaint will be the operative complaint in the case, superseding all previous complaints, amendments, and supplements.

## V. CONCLUSION

Plaintiff's second Motion to Supplement Complaint (Doc. No. 20) is **GRANTED**. The Clerk shall file all three complaints (Doc. Nos. 1, 7, 20) together on the docket as the First Consolidated Complaint. The undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's free speech claim as frivolous.

Plaintiff may file objections to this recommendation, as discussed in the section below. She is reminded that she must keep the Court informed of her mailing address while this case is pending.

---

McLoyd, it appears "self-evident" that Defendant Nixon's order to Plaintiff was reasonably related to legitimate penological interests. *See Reyes v. McKee*, No. 1:11-cv-1283, 2012 WL 718952, at *5 (W.D. Mich. Mar. 5, 2012) (quoting *Overton v. Bazzetta*, 539 U.S. 126, 133 (2003)) ("as the Supreme Court has recognized, many prison restrictions bear a 'self-evident' connection to the state's interest in maintaining internal security and preventing future crimes.").

**IT IS SO ORDERED AND RECOMMENDED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

### Notice Regarding Objections

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy.

A District Judge of this Court will make a *de novo* determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).