**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DAISCIA N. REDMAN,                       :
                                         :
      Plaintiff,                   :     Case No. 3:25-cv-351
                                         :
      v.                           :     Judge Thomas M. Rose
                                         :
CHRIS CASE, *et al.*,                    :     Magistrate Judge Caroline H. Gentry
                                         :
      Defendants.                  :
                                         :
                                         :

---

**ENTRY AND ORDER ADOPTING ORDER AND REPORT AND
RECOMMENDATION (DOC. NO. 27); AND, DENYING PLAINTIFF'S
MOTION FOR ORDER OF TEMPORARY RESTRAINING
ORDER/EMERGENCY PRELIMINARY INJUNCTION (DOC. NO. 4)**

---

This prisoner civil rights case is presently before the Court pursuant to two docket filings: Plaintiff Daiscia N. Redman's ("Redman") Motion for Order of Temporary Restraining Order/Emergency Preliminary Injunction ("Motion for Preliminary Injunctive Relief") (Doc. No. 4); and, a pending Order and Report and Recommendation (the "R&R") (Doc. No. 27) issued by Magistrate Judge Caroline H. Gentry. As it stands, Redman's various allegations have been cobbled together in a single First Consolidated Complaint (Doc. No. 28), wherein Redman claims that Defendants Chris Case, Katie Nixon ("DWO Nixon"), Wesley Gaddis, Lieutenant Adleta, Lieutenant Shonks, Unit Manager Gilbert[1], and Mary Allen (collectively, the "Defendants") failed to protect her from a fellow inmate, in violation of the Eighth Amendment, and retaliated against her for reporting instances of abuse by the same fellow inmate, in violation of the First Amendment. (Doc. No. 28.) Redman, deviating from her initial Complaint (Doc. No. 1), further

---

[1] Simply named on the Court's docket as "Gilbert."

1

alleges that DWO Nixon directly infringed upon her First Amendment rights by forbidding her from speaking to the fellow inmate who Redman proposes to be such a danger.  (Doc. No. 28 at PageID 199.)

On the one hand, Magistrate Judge Gentry recommends that the Court dismiss Redman's new First Amendment claim against DWO Nixon as objectively frivolous.  (Doc. No. 27 at PageID 178-80.)  Upon review, the Court shall **ADOPT** the R&R and **DISMISS** Redman's First Amendment claim against DWO Nixon.

On the other hand, Redman has filed her Motion for Preliminary Injunctive Relief, suggesting Defendants are so indifferent and her fellow inmate so dangerous that the Court must order an institutional separation between the two.  (*See* Doc. No. 4.)  The evidence submitted by former Defendant Ohio Department of Rehabilitation and Corrections ("ODRC")[2], however, tells a much different story.  (Doc. Nos. 19-1 through 19-7.)  Ultimately, for the reasons discussed below, the Court finds it best to **DENY** Redman's Motion for Preliminary Injunctive Relief.

I.  **BACKGROUND**

Redman, a state prisoner, brought this case on October 17, 2025, and she was granted *in forma pauperis* status on November 7, 2025 (*see* Doc. No. 12).  Generally, she proceeds on allegations that the Defendants have violated her constitutional rights.  (*See generally* Doc. No. 28.)  According to her, while incarcerated at Dayton Correctional Institution ("Dayton Correctional"), Redman has been subjected to harrowing physical and sexual abuse at the hands of fellow inmate, Tamara McLoyd ("McLoyd").  (*Id.* at PageID 185-86.)  Furthermore, Redman states that she has reported instances of this abuse to Defendants, but they have purportedly failed

---

[2] ODRC was dismissed as a party to this action by a prior Entry and Order (Doc. No. 24), but the evidence submitted in response to Redman's Motion for Preliminary Injunctive Relief directly pertains to the remaining Parties.  As such, ODRC's evidence continues to be probative here.

to protect her, in violation of the Eighth Amendment of the United States Constitution. (*See Id.* at PageID 187.) Instead, says she, Redman was retaliated against by being placed in restrictive housing for reporting McLoyd's attacks on her, in violation of the First Amendment of the United States Constitution. (*Id.* at PageID 188-193.) By her First Consolidated Complaint, Redman additionally states that she was directly prohibited from speaking—specifically, speaking to McLoyd—altogether, in violation of the First Amendment. (*Id.* at PageID 199.)

On March 20, 2026, Magistrate Judge Gentry reviewed the allegations in the First Consolidated Complaint and issued an R&R recommending dismissal of Redman's newly stated First Amendment claim. (Doc. No. 27.) Redman has not raised any objection to this R&R.

Also pertinent here, on November 7, 2025, shortly after bringing this action, Redman filed her Motion for Preliminary Injunctive Relief. (Doc. No. 4.) On January 21, 2026, the ODRC— which was still a party to this action at the time—filed its opposition to Redman's Motion for Preliminary Injunctive Relief and included therewith a host of evidence to support said opposition. (*See* Doc. Nos. 19, 19-1 through 19-7.) That evidence specifically includes a sworn affidavit, reports investigating Redman's grievances at the administrative level, a local separation order for Redman and McLoyd, and conduct reports for Redman which reflect her own unacceptable behavior while incarcerated. (Doc. Nos. 19-1 through 19-7.) Redman filed a reply on February 9, 2026, accusing ODRC of falsifying documents with the exhibits accompanying its response to the Motion for Preliminary Injunctive Relief. (Doc. No. 26 at PageID 171.)

Redman finally requested an informal telephone conference regarding her Motion for Preliminary Injunctive Relief pursuant to S.D. Ohio Civ. R. 65 and the Court conducted that conference on February 26, 2026. (Minute Entry, 2/27/2026.) At the conference, the Court offered Redman the opportunity to submit her own evidence in support of injunctive relief, which she

3

accepted.  (*Id.*)  Redman has since received two extensions of time to submit such evidence, but she has yet to actually do so.  Now, with Redman's most recent extension of time having lapsed her Motion for Preliminary Injunctive Relief is ripe for review and decision.

**II.      STANDARDS OF REVIEW**

**a.  Reports and Recommendations**

Generally, pursuant to 28 U.S.C. § 636(b), a district court may appoint a magistrate judge in the district to consider non-dispositive matters in a given case.  When a matter is referred to a magistrate judge, the magistrate must ultimately "file his proposed findings and recommendations … with the court," and serve a copy of the report on all parties to the case.  28 U.S.C. § 636 (b)(1)(C).  In turn, any party to the subject litigation may file his objections to the magistrate judge's report and recommendations within fourteen days of being served with the same.  28 U.S.C. § 636(b)(1).  Once a party files written objections to a magistrate judge's report, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*  "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  *Id.*

**b.  Preliminary Injunctive Relief**

A litigant may seek preliminary injunctive relief in the form of a temporary restraining order ("TRO") or a preliminary injunction, under Fed. R. Civ. P. 65.  TROs are typically issued *ex parte* "if immediate and irreparable harm is shown and the movant's attorney certifies why notice is not required."  *Muffler Man Supply Co., Inc. v. TSE Auto Serv., Inc.*, 739 F. Supp. 3d 598, 602 (E.D. Mich. 2024) (citing Fed. R. Civ. P. 65(b)(1)).  In this vein, "TROs 'should … preserv[e] the status quo only [until] a hearing' can be held."  *Muffler Man*, 739 F. Supp. 3d at 602 (quoting *Vector Rsch. v. Howard Att'ys*, 76 F.3d 692, 696 (6th Cir. 1996)) (alterations in original).

4

By any token, a court considering whether to grant preliminary injunctive relief must balance four specific factors: "(1) whether the movant has established a substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the preliminary [injunctive relief]; (3) whether the issuance of the preliminary [injunctive relief] would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the preliminary [injunctive relief]." *Churchill Downs Tech. Initiatives Co. v. Michigan Gaming Control Bd.*, 767 F. Supp. 3d 556, 579 (W.D. Mich. 2025) (citing *Kentucky v. Hagel*, 759, F.3d 588, 600 (6th Cir. 2014)).  Importantly, preliminary injunctive relief shall not be awarded if the plaintiff cannot demonstrate some likelihood of success on the merits and irreparable harm.  *See generally Int'l. Union of Painters & Allied Trades Dist. Council No. 6 v. Smith*, 148 F.4th 365, 371 (6th Cir. 2025).  In particular, "[t]he irreparable harm factor is indispensable because, without it, a plaintiff cannot show why he needs relief now rather than at the lawsuit's end." *Smith*, 148 F.4th at 371 (citing *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326-27 (6th Cir. 2019)).  The party pursuing preliminary injunctive relief "bears the burden of justifying such relief." *Moms for Liberty – Wilson Cnty., Tenn. v. Wilson Cnty. Bd. of Educ.*, 155 F.4th 499, 508 (6th Cir. 2025) (citation and internal quotation marks omitted).

Finally, as a rule, preliminary injunctive relief "is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Churhill Downs Tech.*, 767 F. Supp. 3d at 579 (citation and internal quotation marks omitted).  "Whether to issue a preliminary injunction is in the discretion of the district court." *Churchill Downs Tech.*, 767 F. Supp. 3d at 597 (citing *Planet Aid v. City of St. Johns*, 782 F.3d 318, 323 (6th Cir. 2015)).

### III.   ANALYSIS

#### a.   The R&R

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case.  Noting that no objections to Magistrate Judge Gentry's R&R have been filed and that the time for filing such objections under Fed. R. Civ. P. 72(b) has expired, the Court **ADOPTS** the R&R in full and **DISMISSES** Redman's free speech claim as objectively frivolous.

#### b.   Preliminary Injunctive Relief

As for injunctive relief, Redman fails at the first prong of the Court's analysis.  This is to say that Redman has not demonstrated a likelihood of success on either her failure-to-protect claim or her First Amendment retaliation claim.

To succeed on a cause of action based on officers' failure to protect a prisoner, the plaintiff-prisoner must satisfy four distinct elements.  *Westmoreland v. Butler Cnty., Ky.*, 29 F.4th 721, 728-29 (6th Cir. 2022) (citing *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016)).  Those elements are:

(1)  The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2)  Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3)  The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4)  By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.*

Meanwhile, a plaintiff seeking to prevail on a First Amendment retaliation claim "'must prove that 1) he engaged in protected conduct, 2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct, and 3) the adverse action was taken at least in part because of the exercise of the protected conduct." *Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010) (quoting *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005)).

Here, the Court is unsatisfied that Defendants caused any of Redman's alleged injuries under either of her two claims.  Indeed, the Court finds this causal link to be highly unlikely, in light of the evidence presented by ODRC.  The evidence indicates that Redman's many complaints concerning McLoyd were thoroughly investigated.  (*See e.g.*, Doc. No. 19-2 at PageID 97-106.) As part of those investigations, Defendants reviewed Redman's complaints and took Redman's statements.  (*Id.* at PageID 97-98.)  Defendants interviewed McLoyd as well.  (*Id.* at PageID 99.) More than a mere "he said/she said," Defendants also reviewed camera footage of Redman and McLoyd, which revealed that Redman and McLoyd were in a consensual sexual relationship with one another.  (*Id.* at PageID 101-03.)  For instance, one stretch of video footage depicted Redman and McLoyd attempting to avoid suspicion while sneaking into and out of a cell together.  (*Id.* at PageID 103.)  And, where violence ensued between the two inmates, Redman was the aggressor. (*See* Doc. No. 19-7 at PageID 123, 127, 132, 135.)  Based on this evidence and her track record of filing baseless complaints against her fellow inmates, Redman was found to be not credible.  (Doc. No. 19-2 at PageID 103-06.)  Nevertheless, Defendants instituted a local separation order between Redman and McLoyd, which Redman invariably violated.  (*See* Doc. No. 19-6.)

In all then, it would seem that Redman caused her own injuries, if she has any to begin with.  Even assuming that McLoyd is dangerous, Defendants have done everything in their power

to separate the two.  It is Redman who appears to have violated her separation order and exposed herself to risk.  Moreover, Redman cannot claim that she is likely to succeed in showing that retaliatory motive caused her to be placed in restrictive housing.  Rather, her failure to adhere to simple institutional orders did.  If nothing else, the Court cannot look at the evidence provided and find that Redman's is a circumstance which clearly demands a preliminary inunction. Therefore, the Court **DENIES** Redman's Motion for Preliminary Injunctive Relief.

## IV. CONCLUSION

In accordance with the foregoing the Court hereby **ORDERS** that:

1. The Order and Report and Recommendation (Doc. No. 27) is **ADOPTED** in full.  Redman's First Amendment free speech claim is hereby **DISMISSED**.  The Court **CERTIFIES** that any appeal of the Court's adoption of the R&R would not be taken in good faith and should not be permitted to proceed *in forma pauperis*; and,

2. Redman's Motion for Order of Temporary Restraining Order/Emergency Preliminary Injunction (Doc. No. 4) is hereby **DENIED**

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, June 23, 2026.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

8